UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARLENE BRAUD

VERSUS

WAL-MART STORES, INC., ET AL.

CIVIL ACTION

NO. 3:17-CV-320-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on a Motion for Summary Judgment filed by defendant Wal-Mart Stores, Inc. In its answer, Wal-Mart Stores, Inc. denied that it "own[ed] or operate[d] the retail establishment where the incident made the basis of this lawsuit occurred" and asserted "that establishment was owned and operated by Wal-Mart Louisiana, LLC." (Doc. 3 ¶ 1.) At the July 18, 2019, status conference, the parties agreed that they would substitute the proper party defendant and file a joint stipulation into the record reflecting same. (Doc. 46.) On July 24, 2019, the parties filed that joint stipulation agreeing that they "substitute Wal-Mart Louisiana, LLC in the place of Wal-Mart Stores, Inc. for all purposes, including the pending Motion for Summary Judgment (Rec. Doc. 35)." (Doc. 52.) The Court entered an order effectuating the Stipulation. (*Id.*)

Thus, the instant motion is filed by Wal-Mart Louisiana, LLC ("Wal-Mart"[1] or "Defendant") and is ripe. (Doc. 35.) The motion is opposed by plaintiff Darlene Braud ("Plaintiff" or "Braud"). (Doc. 41.) Wal-Mart filed a reply brief in support of its motion. (Doc. 44.) The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and, for the following reasons, the motion is granted.

---

[1] Walmart Store No. 485 and Lance Doe were originally sued but were dismissed. (*See* Report and Recommendation, Doc. 8; opinion adopting same, Doc 9; and judgment, Doc. 10.) The judgment dismissed these two defendants without prejudice and gave Plaintiff 30 days, upon a showing of good cause, to re-name them. She chose not to do so.

## *BACKGROUND AND FACTUAL SUMMARY*

According to Plaintiff, on April 14, 2016, while pushing a shopping cart at the Wal-Mart store in Donaldsonville Louisiana, she slipped in what "appeared" to her to be ketchup or barbecue sauce and was injured. (Doc. 35-3 at 56-57, 60-61, 64.)[2] In her deposition, Plaintiff testified that she had gone to the Wal-Mart store to pick up a few items. (Doc. 35-3 at 41.) As she turned on to the condiment aisle, she passed a bucket of water at the "end" of the aisle which was sitting on the floor catching liquid from the ceiling. (*Id*. at 55.)[3] She proceeded down the aisle where she slipped on what she assumed was either ketchup our barbecue sauce. (Doc. 35-3 at 64.) In her deposition, she testified that the substance on which she slipped was approximately in the middle of the aisle. (*Id*. at 48-50, 55, 107.) Consistent with this testimony, on a diagram attached to the deposition, she placed the point of her slip and fall approximately midway

---

[2] In her Petition, Plaintiff describes it as a "foreign 'brown colored' substance." (Plaintiff's Petition, Doc. 35-2 at 4-5; *see also* Doc. 1-2 at 2-3.)
[3] In her Petition, she says that the bucket was "located at the point of entry on the barbecue sauce aisle." (Docs. 1-2 at 2 ¶ 6; 35-2 at 4 ¶ 6.)

between the aisle's two ends, some distance past the bucket:



(Doc. 35-3 at 107.)

She testified she did not know how the substance got on the floor (*id.* at 64), did not know how long the substance had been on the floor prior to her accident (*id.* at 65), did not know who was responsible for putting the substance on the floor (*id.* at 64-65), did not see a Wal-Mart employee on the aisle (*id.* at 51), and did not know whether any Wal-Mart employee knew the substance was on the floor and failed to clean it up prior to her accident (*id.* at 65).

## ARGUMENTS OF THE PARTIES

Wal-Mart argues that it is entitled to summary judgment because, based on the facts in the record as summarized above, Plaintiff cannot meet her burden of proof under La. R.S. 9:2800.6(B), which requires Plaintiff to prove that Wal-Mart "either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence…" La.

R.S. 9:2800.6(B)(2). Wal-Mart's motion is supported by a Statement of Uncontested Facts. (Doc. 35-4.) Wal-Mart points the Court to Plaintiff's testimony where she concedes the substance causing her to fall was either barbecue sauce or ketchup (Doc. 44 at 3-4), and, given that she cannot state where it came from, how long it had been there, and that Wal-Mart was even aware of it before the accident, it is impossible for her to meet her burden under 9:2800.6(B)(2). (*Id*.)

In violation of this Court's Local Rules, Plaintiff's opposition failed to "include a short, separate statement of the material facts as to which the opponent contends there exists a genuine issue to be tried." M.D. La. L.R. 56(b). According to this Rule, "[a]ll material facts set forth in the [Mover's] statement…will be deemed admitted, for purposes of the motion, unless controverted as required by this Rule." *Id*.

Preliminarily, Plaintiff contends that her deposition cannot not be considered in connection with this motion because the required court reporter certification "is missing". (Doc. 41. at 4.) Plaintiff also maintains that "Wal-Mart must prove that it is a merchant" in order to take advantage of 9:2800.6(B)(2), the statute upon which it relies, and it has not done so. (*Id*. at 6-7.)

Next, relying upon an affidavit submitted by Plaintiff with her opposition (Doc. 41-1 at 1-3), Plaintiff argues that there is a question of fact as to whether the substance in which she slipped was, at least in part, made up from liquid in a bucket at the end of the aisle where she fell which, in turn, was catching liquid leaking from the ceiling. (Doc. 41 at 3.) Thus, reasons Plaintiff, since Wal-Mart created the condition which caused Plaintiff's fall and must have been aware of it, her burden under 9:2800.6(B)(2) has been met.

Plaintiff minimizes the importance of her deposition concessions by faulting "defendant's hypothetical questions seeking and heavily depending upon plaintiff's guess as to the identity of

the substance on the floor…" (Doc. 41 at 5.) Further, Plaintiff maintains that her affidavit makes clear that "[s]he never stated definitely that she fell in barbecue sauce or ketchup; [s]he was only asked questions [in her deposition] under the assumption that she fell in barbecue sauce." (Doc 41-1 at 2.)

In reply, Wal-Mart argues that Plaintiff's own petition, deposition testimony and photographs confirm that it is a "merchant" within the meaning of La. R.S. 9:2800.6(C)(2). (Doc. 44 at 1-2.) Addressing whether the Court can use Plaintiff's deposition, Wal-Mart points to the court reporter's signed certificate to support its position that Plaintiff's deposition is properly before the court and may be considered. (*Id*. at 3 (citing Doc. 35-3 at 92).) Next, Wal-Mart argues that Plaintiff's newly proffered affidavit contradicts her deposition testimony and thus can and should be disregarded by this Court. (*Id*. at 4-5 (citing, *inter alia, NAZ, LLC v. Phillips Healthcare, a Div. of Phillips Elecs. N.A. Corp*., No. 17-2882, 2018 WL 1202570, at \*5 (E.D. La. March 8, 2018)).)

Wal-Mart reminds the Court that the bucket of water was at the entrance of the condiment aisle and that Plaintiff "made it all the way to the middle of the aisle where another customer was located when her incident occurred" (*Id*. at 5 (citing Doc. 35-3 at 48-50).) It directs the Court's attention to Plaintiff's diagram which supports this testimony. (*Id*. at 6 (citing Doc. 35-3 at 107).)

Finally, Wal-Mart argues that Plaintiff's suggestion that the water bucket or leaking ceiling had anything to do with this accident is mere speculation and not supported by Plaintiff's deposition, affidavit or any other record evidence. (*Id*. at 6-8.) "Plaintiff conceded that she **does not** know how the substance got on the floor and further stated 'the leakage from the ceiling *could* have extended to the area where she slipped and fell. Thus, at best, Plaintiff can only

speculate that the substance she slipped in came from liquid leaking from the ceiling." (*Id*. at 8 (emphasis in original).)

## *STANDARD TO BE APPLIED*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## *APPLICATION*

The Court first considers Plaintiff's argument that Wal-Mart has not established its status as a "merchant" and therefore cannot take advantage of La. R.S. 9:2800.6's burden requiring Plaintiff to show that Wal-Mart created the injury-causing condition or at least had actual or

constructive notice of it. The Court does not consider this a serious argument. "Merchant" is defined in the statute, in pertinent part, as "one whose business is to sell goods, foods, wares, or merchandise at a fixed price." La. R.S. 9:2800.6(C)(2). The Court agrees with Wal-Mart that its status as a merchant is clear from Wal-Mart's Statement of Uncontested Facts (Doc. 35-4 at 1-2); Plaintiff's Petition (Doc. 35-2 at 4-5 ¶¶ 5, 6 and 11); and Plaintiff's deposition, where she testified she had gone to Wal-Mart to get "a few items" (Doc. 35-3 at 41) and was injured as she was "looking…for what I was going to purchase" (*id.* at 42) on the aisle where "ketchup and hot sauce" were displayed (*id.* at 44).[4]

Plaintiff's efforts to prevent the Court's consideration of her deposition testimony is equally futile. While she contends that the required court reporter certification "is missing" (Doc. 41 at 4), this is plainly contradicted by the record (Doc. 35-3 at 92).[5]

---

[4] In addition, the jurisprudence applying the provisions of La. R.S. 9:2800.6 is replete with cases involving Wal-Mart as a merchant defendant.  For example, the Western District of Louisiana has directly found that Wal-Mart is a merchant under La. R.S. 9:2800.6. *Bearb v. Wal-Mart Louisiana, LLC*, No. 10-351, 2012 WL 6651995, at *2 (W.D. La. Dec. 20, 2012), *aff'd sub nom. Bearb v. Wal-Mart Louisiana Liab. Corp.*, 534 F. App'x 264 (5th Cir. 2013) ("Wal–Mart meets the definition of a "merchant" under the ['slip and fall'] statute."); *see also Caldwell v. Wal-Mart Stores, Inc.*, No. 17-904, 2018 WL 1386635 (W.D. La. March 19, 2018) (applying La. R.S. 9:2800.6 to Wal-Mart instead of a traditional negligence analysis, due to it being a "merchant").  Similarly, this Court has also treated Wal-Mart as a merchant in slip and fall cases occurring within a Wal-Mart store. *See Hubert v. Wal-Mart Louisiana, LLC*, No. 14-697, 2016 WL 375071 at *2 (M.D. La. Jan. 29, 2016) (Dick, J.) (applying La. R.S. 9:2800.6 "because [the plaintiff] claims to have fallen on a merchant's premises"); *Pierre v. Wal-Mart Stores, Inc.,* No. 10-437, 2011 WL 703841 (M.D. La. Feb. 18, 2011) ("La. R.S. 9:2800.6 sets forth the burden of proof in claims against merchants, such as Wal-Mart"). Louisiana appellate courts have affirmed rulings in which Wal-Mart has been held liable in slip and fall cases under La. R.S. 9:2800.6 without explicitly making the determination as to whether Wal-Mart is a "merchant". *See Webster v. Wal-Mart Stores, Inc.*, 617 So. 2d 626, 628 (La. App. 5th Cir. 1993); *Broussard v. Wal-Mart Stores, Inc*., 98,813 (La. App. 3 Cir. 1/20/99); 741 So. 2d 65.  Lastly, numerous courts have applied La. R.S. 9:2800.6 in slip and fall cases against Defendant Wal-Mart without inquiring into whether Wal-Mart is a merchant. *See Dawson v. Wal-Mart Stores, Inc.*, No. 08-831, 2010 WL 11537919 (M.D. La. Jan. 27, 2010) (Brady, J.); *Green v. Wal-Mart Louisiana, L.L.C.*, No. 10-844, 2011 WL 4949038 (M.D. La. Oct. 18, 2011); *Flowers v. Wal-Mart Stores, Inc*., 12,140 (La. App. 1 Cir. 7/31/12); 99 So. 3d 696; *Allen v. Wal-Mart Stores, Inc*., 37-352 (La. App. 2 Cir. 6/25/03); 850 So. 2d 895.

[5] It concerns this Court that the representation made in briefing by counsel for Plaintiff that the court reporter's certificate was "missing" was made at a time when that certificate was in the record, attached as an exhibit to Defendant's motion. This concern is compounded by counsel's failure to acknowledge or correct her previous statement once this error was pointed out in Defendant's reply memorandum.

As already mentioned, the Court is entitled to consider Wal-Mart's Statement of Uncontested Facts admitted due to Plaintiff's failure to file a "separate, short and concise statement of the material facts as to which the opponent contends there exists a genuine issue to be tried," as is required by M.D. La. L.R. 56(b). However, case law recognizes that the Court can still consider record evidence to determine if there is a factual dispute. *See Smith v. Brenoettsy*, 158 F.3d 908, 910 (5th Cir. 1998) (holding, where plaintiff failed to oppose the motion for summary judgment, that facts in "Statement of Undisputed Facts" were admitted, "except to the extent that the 'facts' in the 'Statement of Undisputed Facts' are contradicted by 'facts' in other materials attached to his motion for summary judgment." (citation omitted)); *Porter v. Dauthier*, No. 14-41, 2015 WL 5611647, at *8, *13 (M.D. La. Sept. 23, 2015) (deGravelles, J.) (relying on *Smith* and holding, when Plaintiff's opposition left "no doubt about his disagreement with either the basis or import of each of Plaintiff's undisputed facts," that Plaintiff would have forty-eight hours from the issuance of the ruling to comply with the Local Rule, and ultimately denying the motion for summary judgment).

But the Court need not deem Defendant's Statement of Uncontested Facts admitted in order to reach its decision that Wal-Mart's motion should be granted since, even if it considers all of the record evidence submitted by both parties, Plaintiff has failed to raise a material issue of fact for trial. Plaintiff bases many of her substantive arguments on an affidavit which she filed in support of her opposition. (Doc. 41-1.) Wal-Mart argues that its provisions contradict her deposition testimony and thus should be disregarded. (Doc. 44 at 4-5 (citing *NAZ, LLC v. Phillips Healthcare, a Div. of Phillips Elecs. N.A. Corp.*, No. 17-2882, 2018 WL 1202570, at *5 (E.D. La. March 8, 2018) and *Hyde v. Stanley Tools*, 107 F. Supp. 2d 992, 993 (E.D. La. 2000)).) But, again, the Court need not disregard the affidavit to conclude that Wal-Mart's motion is

meritorious. The fact is that Plaintiff's affidavit, while different in some important respects from her deposition, does not contradict the deposition's critical points: that Plaintiff does not know what she slipped on, where it came from, how long it had been there and whether Wal-Mart was aware of it at the time she fell.

In her affidavit Plaintiff insists that "[s]he never stated definitely that she fell in barbecue sauce or ketchup; [s]he was only asked questions [in her deposition] under the assumption that she fell in barbecue sauce." (Doc 41-2 at 2.) She points to the leaking ceiling and bucket positioned under it and argues that this raises an issue of fact as to whether the alleged leaking ceiling played a role in the accident. She points to pictures taken at this and other Wal-Mart stores after the accident that purportedly show that Wal-Mart "continues to place bucket(s) down certain problem aisles in their store due to a liquid substances (sic) leaking from their ceiling." (Doc 41 at 2.)

These arguments fail to raise an issue of material fact. First, the leaking ceiling and bucket beneath it were "at the point of entry on the barbecue sauce aisle" (Doc. 35-2 at 4 ¶ 6; *see also* Doc. 35-3 at 55, 107). Her accident, on the other hand, occurred approximately midway between the ends of that aisle. (Doc. 35-3 at 48-50, 55, 107, 107; *see also* Doc. 35-4 at 2; Statement of Uncontested Fact 6-8.) Plaintiff points the Court to no record evidence showing that the substance on which she slipped was, in whole or in part, liquid from the bucket or leaking ceiling. To the contrary, she testified she didn't know how the substance that she slipped on got on the floor. (Doc. 35-3 at 64-65). Indeed, in her Petition she represents that, prior to the accident, she had "successfully passed by the bucket containing the liquid unnoticed." (Doc. 35-2 at 4 ¶ 7.) And, as stated above, she testified that she did not know who put the substance there, how it got there, or whether Wal-Mart knew about it. (Doc. 35-3 at 64-65.)

Similarly, the photographs submitted by Plaintiff showing leaks, water and buckets at other Wal-Mart stores and the store in question at another time (Docs. 41-2 through 41-7) are insufficient to raise an issue of fact regarding what happened at the subject store on the date of this accident.

While her affidavit mentions that the leaking ceiling and bucket were located "on" the condiment aisle (Doc. 41-1 at 2), she does not retract or contradict her deposition testimony as to their precise location in relation to the brown substance on which she fell. Indeed, she admits in her affidavit that "she does not know how wide or long the leakage from the ceiling was over the barbecue/ketchup aisle." (*Id*.) The most she is able to say is that "[t]he leakage from the ceiling *could* have extended to the area where she slipped and fell." (*Id*. (emphasis added).)

Because 9:2800.6(B)(2) plainly applies to this case, it is Plaintiff's burden to "come forward with 'positive evidence' showing the damage causing condition existed for some period of time and that such time was sufficient to place the merchant defendant on notice of its existence." *Batiste v. United Fire and Casualty Company*, 17-482 (La. App. 5 Cir. 3/14/18); 241 So. 3d 491, 498 (citing *Flowers v. Wal-Mart Stores, Inc*., 12-140, (La. App. 5 Cir. 7/31/12); 99 So. 3d 696, 699). "[M]ere speculation that the condition may have existed for some period of time is insufficient." *Batiste*, 241 So.3d at 498 (citing *Babin v. Winn-Dixie La., Inc*., 00-0078, (La. 6/30/00); 764 So. 2d 37, 40).

In the face of this overwhelming and uncontradicted evidence, it is not enough to say that the ceiling leakage "could" have extended to the area where she fell. This is precisely the kind of speculation that Louisiana law finds insufficient to meet Plaintiff's 9:2800(B)(2) burden. It is precisely the kind of "metaphysical doubt" the Supreme Court held is insufficient to raise a material issue of fact. *Matsushita Elec. Indus. Co*., 475 U.S. at 586-87.

## *CONCLUSION*

The Court concludes that no reasonable jury could conclude that Wal-Mart violated its duties under La. R.S. 9:2800.6, and hence it is entitled to judgment as a matter of law. Wal-Mart's Motion for Summary Judgment is **GRANTED**.

Signed in Baton Rouge, Louisiana, on the 25th day of July, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**